# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TRACEY JACKSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:16-cv-02074 |
| | ) Judge Hood/Frensley |
| OMNI VISION, INC., | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's Motion to Dismiss (Docket No. 9), filed September 7, 2016, which alleges that the pro se Plaintiff's Complaint fails to state a claim upon which relief can be granted, and should therefore be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Defendant has also filed a supporting Memorandum of Law (Docket No. 10). Plaintiff has not responded to the Motion.

Defendant argues that Plaintiff's Complaint fails to state a *prima facie* claim of disparate treatment or retaliation under Title VII. *Id.* at 2. Specifically, Defendant contends that Plaintiff does not allege any facts that would establish the necessary elements of those claims. *Id.* at 3-5.

**1.     Motions to Dismiss Under F. R. Civ. Pro. 12(b)(6)**

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The Supreme Court has clarified the *Twombly* standard, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "'merely consistent with' defendant's liability . . . 'stops short of the line between possibility and plausibility' of 'entitlement to relief.'" *Id.*, *quoting Twombly*, 550 U.S. at 557 (internal brackets omitted).

When ruling on a defendant's motion to dismiss, the court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). The court should allow "a well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556. However, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 555. "'[A] legal conclusion couched as a factual allegation' need not be accepted as true on a motion to dismiss," *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted), and mere recitation of the elements of a cause of action "or an "unadorned, the-defendant-unlawfully-harmed-me accusation" will not do, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. While the court must accept "as true all non-conclusory allegations in the complaint," *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009), it does not have to accept unsupported legal conclusions, *Iqbal*, 556 U.S. at 678.

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted). Pro se litigants, however, are not exempt from the requirements of Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989). The Court is not required to create a claim for a plaintiff. *Clark v.*

*Nat'l Travelers Life. Ins. Co.*, 518 F. 2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"). To demand otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278 (4th Cir. 1985).

**2.     Plaintiff's Claims of Discrimination and Retaliation**

Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits discrimination by employers against individuals based on race, color, sex, religion, or national origin. 42 U.S.C. § 2000(e)-2(a)(1). A plaintiff may establish a discrimination claim by introducing direct evidence of discrimination or by "proving circumstantial evidence which would support an inference of discrimination." *Johnson v. Univ. of Cincinnati*, 215 F. 3d 561, 572 (6th Cir. 2000). In order to establish a prima facie case of discrimination under the circumstantial evidence approach, a plaintiff must show:

> 1) he is a member of a protected class; 2) he was qualified for his job and performed it satisfactorily; 3) despite his qualifications and performance, he suffered an adverse employment action; and 4) that he was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside his protected class.

*Id.* at 572-73.

In this case, Plaintiff filed a form Complaint entitled "Complaint Under Title VII of the Civil Rights Act of 1964." Docket No. 1. This form consists of blanks to be filled in by the Plaintiff in order to provide the information essential to this type of complaint. Item number 8 of the form provides Plaintiff an opportunity to indicate, by marking a specific category or categories, the reason Plaintiff alleges was the basis of the discrimination she experienced: race, color, sex, religion, or national origin. *Id.* at 2. Plaintiff did not mark any of the categories, leaving them all blank. *Id.* The only blanks Plaintiff checked in item number 8 were those indicating her claim that the Defendant "terminated Plaintiff's employment" and "retaliated against Plaintiff for having filed a charge of discrimination." *Id.* at 3. In item 9, an opportunity is provided for Plaintiff to give a narrative account of "[t]he circumstances under which Defendant discriminated against Plaintiff." *Id.* Here also, although Plaintiff refers to "the wrong staff was doing," "the wrong doing I received," and the fact that she was "let go the day the Head Boss returned from another location," Plaintiff does not indicate membership in any protected class, or describe discrimination related to any such membership. *Id.* Further, Plaintiff does not allege facts that would establish that any of the other elements of a prima facie case of discrimination under Title VII are present here. *Id.* at 1-4. Thus, Plaintiff's Complaint fails to state a claim upon which relief may be granted as to her claim of discrimination under Title VII.

Regarding Plaintiff's claim of retaliation, to establish a prima facie case of retaliation she must show that:

> (1) she engaged in activity protected under Title VII; (2) the defendant knew that she engaged in the protected activity; (3) the defendant subsequently took an adverse, retaliatory action against the plaintiff, or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) the protected activity and the adverse reaction were casually connected.

*Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 736 (6th Cir. 2006). Under Title VII, "protected activity" can either consist of "oppos[ing] any practice made an unlawful employment practice" by Title VII, or making a charge, testifying, assisting, or participating in an "investigation, proceeding, or hearing" under Title VII. 42 U.S.C. §2000e-3(a).

While Plaintiff's Complaint refers to telling Human Resources of "wrong doing" as described above, the only fact alleged that could potentially qualify as protected activity under Title VII is the fact that Plaintiff filed a Charge of Discrimination with the EEOC on July 1, 2016; however, Plaintiff's Charge was filed five days after her termination, on July 6, 2016. *Id.* at 2-3. Thus, the conduct of which Plaintiff complaints, termination, occurred before the filing of the Charge and could not constitute retaliation for filing.

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 9) be GRANTED, and that an Order issue dismissing Plaintiff's Complaint with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

JEFFERY S. FRENSLEY  
United States Magistrate Judge